UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOHN-REIF, | Case No. 2:24-cv-0968-KJM-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| RYAN GRAY, *et al.*, | |
| Defendants. | |

Plaintiff Daniel John-Reif brings this action against defendants Ryan Gray, Sabrina Buis, and Todd Jones, all of whom are California State Parks and Recreation officers, and Michael Deems, a state court judge. After review of his complaint, I find that the claims are non-cognizable, and I will dismiss the pleading with leave to amend. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1   A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's lengthy complaint begins with the allegation that he was pulled over by defendant Gray for driving without a license plate. ECF No. 1 at 8. Plaintiff took umbrage with the stop because he believes that license plates are not required if he is "travelling in [his] private capacity." *Id.* at 9. Gray asked plaintiff to produce his identification, and he refused, believing that he was under no obligation to do so. *Id.* at 11. Plaintiff's claims that state licensing requirements are inapplicable to him are frivolous and have been rejected by other courts. *See Vazquez v. Cal. Highway Patrol*, No. 15-cv-00330-JCS, 2015 U.S. Dist. LEXIS 44885, *3-6 (N.D. Cal. Mar. 2, 2015).

Gray asked plaintiff to step out of the vehicle, plaintiff refused, and the officer radioed for backup. *Id.* at 14. Defendants Buis and Jones arrived, and Gray pulled plaintiff from his vehicle,

2

1    since he persisted in refusing to step out. *Id.* at 15. He does allege that the officers used
2    excessive force in the removal, but he offers no factual detail as to how each officer wrongfully
3    used force. He may address this lack of context in his amended complaint, if he chooses to file
4    one. The officers then confiscated weapons from plaintiff's person and searched his vehicle over
5    his protestations. *Id.* at 16.

6    Plaintiff was booked into Oroville County Jail and made bail. *Id.* at 18-19. He claims
7    that, after he was exonerated in the relevant court case, he could not recover the bail money
8    because it was paid for "Nicolas James Reis." *Id.* at 18. I cannot tell what defendant, if any, is
9    alleged to be responsible for this apparent clerical error, nor does there appear to be any viable
10   federal claim associated therewith.

11   Plaintiff was allegedly charged with "made up" violations by defendant Gray, though he
12   does not explain how they were fabricated. *Id.* at 20. And, given his mention of the district
13   attorney elsewhere in his complaint, *id.* at 23, it does not appear that Gray was personally
14   responsible for bringing any charges against him. At an appearance in front of Judge Deems,
15   plaintiff claims that his rights were violated when the judge entered a not guilty plea on his
16   behalf. *Id.* at 20-21. Despite plaintiff's contention to the contrary, it is settled law that judges are
17   immune from section 1983 claims for actions taken in their judicial capacity. *See Young v.*
18   *Siraco*, No. 2-cv-05418 EJD (PR), 2023 U.S. Dist. LEXIS 145812, at *6 (N.D. Cal. Aug. 18,
19   2023). Finally, to the extent that charges remain pending against plaintiff in state court, this court
20   must refrain from hearing any challenge to them under the *Younger* abstention doctrine. *See*
21   *Younger v. Harris*, 401 U.S. 37 (1971); *Mitchell v. Washington*, No. C12-1930-RSL-BAT, 2012
22   U.S. Dist. LEXIS 184399, *2 (W.D. Wash. Dec. 5, 2012) (citing *Younger* and noting that
23   "[e]xcept under narrow circumstances that are not present in this case, federal courts must abstain
24   from interfering with pending state criminal proceedings.").

25   I will dismiss the complaint with leave to amend. Plaintiff is advised that an amended
26   complaint will entirely supersede its predecessor and must be complete in itself, without reference
27   to prior pleadings. Plaintiff's amended complaint should be titled "First Amended Complaint."
28

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4